UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **WEIGEL BROADCASTING CO.,** | |
| **PLAINTIFF,** | **JURY TRIAL DEMANDED** |
| v. | |
| **PERVASIVE TV, INC. d/b/a REACHME.TV,** | |
| **DEFENDANT.** | |

**COMPLAINT FOR TRADEMARK
INFRINGEMENT AND UNFAIR COMPETITION**

For its Complaint against defendant PERVASIVE TV, INC. d/b/a REACHME.TV ("PERVASIVE"), plaintiff WEIGEL BROADCASTING CO. ("WEIGEL") alleges as follows:

**THE PARTIES**

1. Plaintiff WEIGEL is an Illinois corporation, with its principal place of business at 26 N. Halsted, Chicago, Illinois. WEIGEL renders services in this District.

2. Upon information and belief, defendant PERVASIVE is a Delaware corporation, with its principal place of business in Los Angeles, California.

**JURISDICTION AND VENUE**

3. This action arises under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, and related state laws as hereinafter more fully appear. The Court's subject-matter jurisdiction is based upon 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338, and the doctrine of supplemental jurisdiction because the state law claims are so related to WEIGEL's federal law claims that they form part

of the same case or controversy and derive from a common nucleus of operative facts, 28 U.S.C. § 1367.

4. As more fully described below, PERVASIVE operates a television entertainment network and media delivery system under the mark REACHME.TV. Consumers may view television content provided by PERVASIVE under the REACHME.TV mark through PERVASIVE's website, which can be accessed at the URL www.reachme.tv ("Website") and television screens found primarily at airports and hotels.

5. PERVASIVE has purposefully availed itself of the privilege of conducting activities within the State of Illinois. The REACHME.TV Website is accessible and operational in the State of Illinois and this District. Indeed, upon information and belief, the Website is specifically directed at the City of Chicago.

6. The Website has a heading "On Our Screens" that leads to a link for various cities, including Chicago. A screen shot of the Website page reached after clicking on the Chicago link is attached as Exhibit A.

7. Upon information and belief, television content under the mark REACHME.TV is visible to members of the public on television screens at (without limitation) Chicago's O'Hare airport. On June 22, 2017, PERVASIVE issued a press release (Exhibit B) touting that REACHME.TV "can be seen in the top 50 airports in the United States…" (*Id.*), which would include Chicago's O'Hare and Midway airports. Recently, the page for REACHME.TV's Chicago channel bore the REACHME.TV mark and the text "you are watching HMS host_ORD – Chicago_Channel…" (*See* Exhibit C.) ORD is the common abbreviation for the airport at O'Hare field.

8. Upon information and belief, PERVASIVE has entered into contractual arrangements whereby REACHME.TV-branded content appears on television screens within hotels in this District. Upon information and belief, these hotels include Marriott, Hyatt, Starwood, Red Roof Inn, and Best Western.

9. Upon information and belief, PERVASIVE is rendering services under the REACHME.TV mark to the consuming public in this District.

10. Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events giving rise to WEIGEL's claims have occurred and are occurring in this District. WEIGEL demands a trial by jury in this case pursuant to Federal Rule of Civil Procedure 38.

## **WEIGEL AND ITS 'METV' MARK**

11. WEIGEL owns, and has for many years operated, a national television network under the mark METV ("METV Network"). The METV Network is the number one classic television network in the United States, and is distributed in approximately 175 markets, which comprises over 90% of the country, and all fifty (50) states. When the number of third party affiliates is included, METV and its affiliate bodies comprise one of the largest broadcast television networks in the U.S. For its innovation in programming, technology, and the rollout of METV, WEIGEL received the 2009 Multiplatform Broadcaster of the Year Award by *Broadcast and Cable News*.

12. WEIGEL's METV Network provides viewers with both original content, such as the well-known SVENGOOLIE comedy/horror show, as well as content obtained from other national studios and distributors, such as THE ANDY GRIFFITH SHOW, I LOVE LUCY, and THE BRADY BUNCH. WEIGEL's METV Network is broadcast in Chicago, Illinois, and the METV mark is used in commerce in this District. WEIGEL provides streaming services under its

METV mark through online sites and a mobile app. WEIGEL owns the domain name <metv.com> and its website may be accessed at the URL www.metv.com.

13. WEIGEL has expanded its METV brand to additional services that now include radio broadcasting, internet radio broadcasting, and streaming of audio content rendered under the mark METVFM. WEIGEL's METVFM radio service features classic and timeless hits.

14. Since at least as early as January 1, 2005, and long prior to PERVASIVE's complained of activities, WEIGEL has continuously used in commerce in the U.S. the METV mark. WEIGEL's services rendered, and goods sold, in connection with its METV and METVFM marks include, *inter alia*, television broadcasting services, providing video content and streaming over the Internet, a mobile app, radio broadcasting services, internet radio services, transmission and streaming of audio content over the internet, merchandise, and internet retail services ("WEIGEL's Services"). By any measure, WEIGEL's Services rendered under the METV and METVFM marks have been hugely successful. WEIGEL's Services under the METV and METVFM marks have earned significant revenue for WEIGEL, and created a number of jobs in this District. (WEIGEL's METV and METVFM marks are referred to collectively below as the "METV Mark.")

15. WEIGEL has expended substantial resources developing and promoting WEIGEL's Services under its METV Mark. As a result of WEIGEL's continuous and successful use, the METV Mark has developed a large amount of goodwill in the U.S. and has become an invaluable indicator of the source of WEIGEL's Services. The METV Mark is distinctive when used in connection with WEIGEL's Services, or in the alternative has acquired distinctiveness.

16. WEIGEL owns several federal trademark registrations for its METV Mark. Copies of the trademark registration certificates are attached as Exhibit D ("METV

Registrations"). The METV Registrations are valid, subsisting, and in full force and effect. WEIGEL's right to use METV in commerce is incontestable pursuant to 15 U.S.C. § 1065. The METV Registrations are as follows:

- METV, Reg. No. 3,902,686, registered on January 11, 2011, for use with "television broadcasting both directly over the air and via retransmission over cable and satellite networks; transmission and distribution of audio and video content streamed over computer networks;"

- MeTV Reg. No. 3,902,687, registered on January 11, 2011, for use with "television broadcasting both directly over the air and via retransmission over cable and satellite networks; transmission and distribution of audio and video content streamed over computer networks;"

- METV, Reg. No. 5,162,213, registered on March 14, 2017, for use with "downloadable mobile applications for streaming audio and video content;"

- METVFM, Reg. No. 4,965,655, registered on May 24, 2016, for use with "radio broadcasting; Internet radio services, namely, transmission of audio material in the field of music via the Internet; streaming of audio content featuring music via the Internet;" and

- MeTVfm Reg. No. 5,179,624, registered on April 11, 2017, for use with "radio broadcasting; Internet radio services, namely, transmission of audio material in the field of music via the Internet; streaming of audio content featuring music via the Internet."

## PERVASIVE AND ITS UNAUTHORIZED USE OF 'REACHME.TV'

17. Upon information and belief, long after WEIGEL first used the METV Mark, PERVASIVE began to use REACHME.TV in connection with a television entertainment network and distribution platform that provides television and other audio-video content that is either original to REACHME.TV or obtained from other sources ("REACHME.TV Services"). Upon information and belief, consumers can view content through the REACHME.TV Services primarily through: (i) video screens visible in public areas, such as airports or hotels; (ii) hotel

rooms; and (iii) PERVASIVE's Website. PERVASIVE also uses REACHMETV – *i.e.*, without the period between ME and TV – in, for example, social media and metadata.

18. PERVASIVE promotes its REACHME.TV Services under the REACHME.TV mark to members of the entertainment industry and the consuming public through press releases and through social media, such as a page on Facebook.

19. If someone types "how to reach metv" into the Google search engine, the top result is a link to PERVASIVE's REACHME.TV Website and not the website for WEIGEL's METV Network, which is likely to confuse consumers looking for the METV Network. (*See* Exhibit E.)

20. Pursuant to 15 U.S.C. § 1072, PERVASIVE had constructive knowledge of the METV Mark prior to PERVASIVE's first use of the REACHME.TV mark.

## SETTLEMENT NEGOTIATIONS

21. On July 11, 2017, WEIGEL's counsel sent a letter via UPS to Mr. Lynwood Bibbens, who has been publicly identified as the CEO of REACHME.TV. The letter requested that REACHME.TV cease using the REACHME.TV mark and "adopt a new mark that is not confusingly similar to METV or any other [WEIGEL] mark." A copy of the letter is attached as Exhibit F.

22. Since that letter, the parties have exchanged written communications and participated in calls in an effort to resolve this matter without the need for litigation. However, settlement negotiations have now reached an impasse, and have therefore failed. Given PERVASIVE's continued use of the REACHME.TV mark, WEIGEL has been forced to file this Complaint to protect its valuable METV Mark.

**PERVASIVE'S ACTIONS ARE
LIKELY TO CAUSE CONFUSION AND ARE DAMAGING WEIGEL**

23. PERVASIVE's use of the REACHME.TV mark in connection with the rendering, and promotion of, the REACHME.TV Services damages WEIGEL. Television viewers, online viewers, current and potential advertisers, and/or members of the entertainment industry are likely to mistakenly believe that the REACHME.TV Services have been created by, authorized by, or somehow affiliated with WEIGEL and/or the METV television network, when that is not the case.

24. PERVASIVE's use of the REACHME.TV mark is likely to confuse consumers, current and potential advertisers, and/or members of the entertainment industry. PERVASIVE is attempting to improperly ride on WEIGEL's coattails and capitalize on the success of the METV Network and the strong goodwill in the METV Mark by using a confusingly similar trademark.

25. Because of PERVASIVE's use of the confusingly similar trademark, potential and current customers, advertisers, and members of the entertainment industry are likely to mistakenly believe that PERVASIVE's REACHME.TV Services are associated with, sponsored by, or somehow connected with WEIGEL or the METV Network, all to WEIGEL's detriment.

26. As a result of PERVASIVE's actions, WEIGEL has suffered irreparable injury and harm and will continue to do so if PERVASIVE is not immediately and permanently restrained by this Court from further violation of the rights alleged herein. WEIGEL has no adequate remedy at law.

## COUNT I – FEDERAL TRADEMARK INFRINGEMENT

27. WEIGEL repeats and realleges each and every allegation of Paragraphs 1 through 26 above as if herein set forth in full.

28. As its first ground of relief, WEIGEL alleges federal trademark infringement. PERVASIVE's use of the REACHME.TV mark infringes WEIGEL's rights in the federally registered METV Mark as reflected in the METV Registrations.

29. PERVASIVE's rendering of the REACHME.TV Services as hereinabove pleaded is likely to cause confusion, mistake, and/or deception among the relevant public, including purchasers, users and other customers, and members of the entertainment industry as to the affiliation, connection, or association between the REACHME.TV Services and the goods and services identified in WEIGEL's METV Registrations offered under the METV Mark, and/or to mislead the public into thinking that WEIGEL or the METV Network is the origin of, or has sponsored or approved of, the REACHME.TV Services and/or PERVASIVE's commercial activities. PERVASIVE's actions irreparably harm the value of WEIGEL's METV Mark and injure WEIGEL's reputation and goodwill.

30. PERVASIVE's actions, as described above, are likely to cause confusion, or to cause mistake, or to deceive customers and users as to the origin, sponsorship, or approval of PERVASIVE's REACHME.TV Services, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

31. PERVASIVE adopted and used in commerce the confusingly similar REACHME.TV mark with knowledge of WEIGEL's rights in its METV Mark. The promotion and rendering of the REACHME.TV Services under the REACHME.TV mark has been made by PERVASIVE in bad faith and with a willful and deliberate intent to pass off its Services as those

of WEIGEL and trade on the significant goodwill WEIGEL developed in the METV Mark. In view of the willful nature of PERVASIVE's activities, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

32. Unless restrained by this Court, PERVASIVE will continue to violate the longstanding rights of WEIGEL, mislead the public, and trade upon and injure WEIGEL's reputation and goodwill. PERVASIVE's infringing acts complained of herein have damaged WEIGEL, have resulted in unjust enrichment to PERVASIVE, and have caused and will continue to cause, unless enjoined by this Court, substantial and irreparable damage and injury to WEIGEL and the relevant public, for which damage and injury WEIGEL has no adequate remedy at law.

## COUNT II – FEDERAL UNFAIR COMPETITION, PASSING OFF AND FALSE DESIGNATION OF ORIGIN

33. WEIGEL repeats and realleges each and every allegation of Paragraphs 1 through 32 above as if herein set forth in full.

34. As its second ground of relief, WEIGEL alleges federal unfair competition, passing off, and false designation of origin. PERVASIVE's adoption and use in commerce of the REACHME.TV mark unfairly competes with, passes off as, and creates a false designation of origin with the services WEIGEL renders under the METV Mark.

35. The REACHME.TV mark is likely to cause confusion, mistake, and/or deception among the relevant public, including customers and users of the parties' services, as to the affiliation, connection, or association between PERVASIVE and WEIGEL, and/or to mislead the public into thinking that WEIGEL or its METV Network is the origin of, or has sponsored or approved of, PERVASIVE's services and/or commercial activities, and thus constitutes false designation of origin, passing off, and unfair competition in violation of 15 U.S.C. § 1125(a)(1).

36. The REACHME.TV mark is likely to cause confusion, mistake, and/or deception among the relevant public, including consumers, as to the affiliation, connection, or association between PERVASIVE and WEIGEL, and/or mislead the public into thinking that WEIGEL is the origin of, or has sponsored or approved of, PERVASIVE's REACHME.TV Services and/or commercial activities and thus constitutes unfair competition, false designation of origin, and passing off in violation of 15 U.S.C. § 1125(a)(1).

37. PERVASIVE adopted and used in commerce the confusingly similar REACHME.TV mark with knowledge of WEIGEL's rights in its METV Mark. The promotion and rendering of the REACHME.TV Services under the REACHME.TV mark has been made by PERVASIVE in bad faith and with a willful and deliberate intent by PERVASIVE to pass off its Services as those of WEIGEL and to trade on the significant goodwill developed by WEIGEL in its METV Mark. In view of the willful nature of PERVASIVE's activities, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

38. Unless restrained by this Court, PERVASIVE will continue to violate the longstanding rights of WEIGEL, to mislead the public, and to trade upon and injure WEIGEL's reputation and goodwill. PERVASIVE's infringement has damaged WEIGEL, and has resulted in unjust enrichment to PERVASIVE, and has caused and will continue to cause, unless enjoined by this Court, substantial and irreparable damage and injury to WEIGEL and the public, for which damage and injury WEIGEL has no adequate remedy at law.

### COUNT III – VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT - 815 ILCS 510/1 *ET SEQ.*

39. WEIGEL repeats and realleges each and every allegation of Paragraphs 1 through 38 above as if herein set forth in full.

40. As its third ground of relief, WEIGEL alleges unfair and deceptive acts in violation of the laws of the State of Illinois. WEIGEL and PERVASIVE are competitors in the entertainment field. PERVASIVE's actions, as alleged herein, are likely to cause confusion or misunderstanding as to the source, sponsorship, approval, or certification of services rendered by PERVASIVE, and thus constitute unfair and deceptive acts or practices in the conduct of a business, trade, or commerce, in violation of Illinois statute 815 ILCS 510/1 *et seq*.

41. The public is likely to be damaged as a result of PERVASIVE's deceptive trade practices or acts.

42. PERVASIVE's actions, as alleged herein, have been willful, have caused, and are likely to continue to cause, irreparable injury and damage to WEIGEL, for which WEIGEL has no adequate remedy at law.

## **COUNT IV - STATE OF ILLINOIS COMMON LAW UNFAIR COMPETITION**

43. WEIGEL repeats and realleges each and every allegation of Paragraphs 1 through 42 above as if herein set forth in full.

44. As its fourth ground of relief, WEIGEL alleges unfair competition under the common law of the State of Illinois. PERVASIVE's use of, promotion of, and operation of services under the REACHME.TV mark constitutes unfair competition under the common law of the State of Illinois.

45. As a result of PERVASIVE's actions, the relevant public is likely to believe that the REACHME.TV Services have originated from and/or have been approved by WEIGEL or its METV Network, when that is not the case.

46. PERVASIVE's actions have damaged and will continue to damage WEIGEL, and have irreparably injured WEIGEL, for which damage and injury WEIGEL has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE, WEIGEL demands:**

A. That PERVASIVE, together with all of its officers, agents, servants, employees, attorneys, successors, parents, related companies, assigns, and all those in active concert or participation with any of them, be forthwith preliminarily and thereafter permanently enjoined and restrained from:

1. Using, marketing, or selling any products or services in connection with the marks REACHME.TV, REACHMETV, METV, or any other mark that is confusingly similar to the METV Mark;

2. Doing any act or thing (i) likely to induce the mistaken belief that the REACHME.TV Services, or any other services or products offered by PERVASIVE, are in any way affiliated, connected, or associated with WEIGEL or its services or other products, or (ii) that otherwise would damage WEIGEL's goodwill and reputation;

3. Unfairly competing with WEIGEL in any manner whatsoever; and

4. Causing a likelihood of confusion with respect to WEIGEL's METV Mark or causing injury to the business reputation of WEIGEL.

  B. That PERVASIVE be directed to file with the Court, and serve upon WEIGEL within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which it has complied with the injunction.

  C. That PERVASIVE be required to deliver for destruction all of its electronic or tangible materials bearing REACHME.TV or REACHMETV, or any other similar or related materials in its possession or control that violate WEIGEL's rights in its METV Mark.

  D. That PERVASIVE be required to assign and transfer its <reachme.tv> domain name to WEIGEL, including social media pages and account names with reachme.tv and reachmetv.

  E. That WEIGEL be awarded monetary relief in an amount to be fixed by the Court in its discretion as just, including:

    1. All profits received by PERVASIVE from sales and revenues of any kind made as a result of its acts of infringement or unfair competition, said amount to be trebled; and

    2. All damages sustained by WEIGEL and its related companies as a result of PERVASIVE's acts of infringement or unfair competition, and that such damages be trebled.

  F. That, because of the exceptional nature of this case resulting from PERVASIVE's deliberate infringing actions and disregard for WEIGEL's rights, this Court award to WEIGEL all reasonable attorneys' fees, costs, and disbursements incurred as a result of this action, pursuant to 15 U.S.C. § 1117.

G. That WEIGEL shall have such other and further relief as this Court may deem just.

Dated: November 7, 2017   By:   *s/John Gabrielides*
Philip A. Jones (Illinois Bar No. 6217213)
John Gabrielides (Illinois Bar No. 6198323)
Barnes & Thornburg LLP
One North Wacker Drive, Suite 4400
Chicago, Illinois 60606
Phone: (312) 357-1313
pjones@btlaw.com
jgabrielides@btlaw.com

Attorneys for Weigel Broadcasting Co.

DMS 10699992v2